UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHEA,<br><br>           Petitioner,<br><br>   v.<br><br>UNKNOWN,<br><br>           Respondent. | Civil No.   07-2429 DMS (AJB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and paid the $5.00 filing fee.

### FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

1 be the state officer who has official custody of the petitioner (for example, the warden of the
2 prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

3   A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]
4 habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The
5 actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v.
6 Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of
7 habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the
8 body" if directed to do so by the Court. "Both the warden of a California prison and the Director
9 of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d
10 at 895.

11   Here, Petitioner has not named a Respondent. It is unclear from the Petition whether
12 Petitioner is incarcerated at this time or on parole or probation. If Petitioner is incarcerated, in
13 order for this Court to entertain the Petition filed in this action, Petitioner must name the warden
14 in charge of the state correctional facility in which Petitioner is presently confined or the
15 Director of the California Department of Corrections. Brittingham v. United States, 982 F.2d
16 378, 379 (9th Cir. 1992) (per curiam). If Petitioner is on parole or probation, proper respondents
17 are his parole or probation officer and the official in charge of the parole or probation agency.
18 See Ortiz-Sandoval, 81 F.3d at 894. In California, the Secretary of the Department of
19 Corrections and Rehabilitation is the official in charge of the parole agency. See In re Lusero, 4
20 Cal. App. 4th 572, 576 (1992) ("During the period of parole following incarceration, an inmate
21 continues in the custody of the department.").

22   **FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES**
23 Further, habeas petitioners who wish to challenge either their state court conviction or the length
24 of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C.
25 § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial
26 remedies, a California state prisoner must present the California Supreme Court with a fair
27 opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28
28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court

remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. In fact, he specifically indicates he did not seek review in the California Supreme Court. (<u>See</u> Pet. at 6-9.) If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997); <u>see</u> <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997); <u>Oyler v. Allenbrand</u>, 23 F.3d 292, 300 (10th Cir. 1994); <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure to name a proper respondent and failure to allege exhaustion of state judicial remedies. To have this case reopened, Petitioner must file a First Amended Petition no later than March 20, 2008, which cures the deficiencies outlined in this Order. *For Petitioner's convenience, the Clerk of Court shall attach to this order, a blank First Amended Petition form.*

**IT IS SO ORDERED.**

DATED: January 23, 2008

_____
HON. DANA M. SABRAW
United States District Judge